IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 14-cv-00865-PAB

JEANETTE MARTINEZ,

      Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

      Defendant.
_____

**ORDER**
_____

This matter comes before the Court on the Complaint [Docket No. 1] filed by plaintiff Jeanette Martinez on March 25, 2014. Plaintiff seeks review of the final decision of defendant Carolyn W. Colvin (the "Commissioner") denying her claim for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act (the "Act"), 42 U.S.C. §§ 401-33 and 1381-83c. The Court has jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g).[1]

**I. BACKGROUND**

On October 13, 2011, plaintiff applied for disability insurance benefits under Title II of the Act. R. at 20. On May 1, 2012, plaintiff applied for supplemental security income under Title XVI of the Act. *Id*. Plaintiff alleged that she had been disabled since February 25, 2010. *Id*. After an initial administrative denial of her claim, plaintiff received a hearing before an Administrative Law Judge ("ALJ") on November 9, 2012.

---

[1]The Court has determined that it can resolve the issues presented in this matter without the need for oral argument.

*Id*.

The ALJ found that plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine, major depression, and anxiety disorder. *Id*. at 22. The ALJ concluded that these impairments, alone or in combination, did not meet one of the regulations' listed impairments. *Id*. at 23. She ruled that plaintiff had the residual functional capacity ("RFC") to

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that the claimant: can occasionally lift up to 20 pounds and frequently up to 10 pounds; can stand and/or walk up to four hours, with normal breaks; can sit up to six hours, with normal breaks; cannot climb ladders; can frequently climb stairs and stoop; can occasionally kneel, crouch and crawl; has no limitations on balancing, and should avoid concentrated exposure to extreme cold, hazardous machinery and unprotected heights. In addition, the claimant can understand and remember simple instructions, which are typical of unskilled work. The claimant can sustain concentration, persistence and pace, as long as there is no requirement to interact with the general public. She can interact appropriately with co-workers and supervisors, and, in this environment, can plan, set simple goals, travel, and recognize and avoid work hazards.

*Id*. at 25. Based upon this RFC and in reliance on the testimony of a vocational expert ("VE"), the ALJ concluded that plaintiff was unable to perform any past relevant work, *id*. at 29, but that "there are jobs that exist in significant numbers in the national economy that the claimant can perform." *Id*. at 30. On November 19, 2012, the ALJ issued a decision denying plaintiff's claim. *Id.* at 31. On February 27, 2014, the Appeals Council denied plaintiff's request for review of this denial. *Id.* at 1. Thus, the ALJ's decision is the final decision of the Commissioner.

## II. ANALYSIS

### A. Standard of Review

Review of the Commissioner's finding that a claimant is not disabled is limited to determining whether the Commissioner applied the correct legal standards and whether the decision is supported by substantial evidence in the record as a whole. *See Angel v. Barnhart*, 329 F.3d 1208, 1209 (10th Cir. 2003). The district court may not reverse an ALJ simply because the court may have reached a different result based on the record; the question instead is whether there is substantial evidence showing that the ALJ was justified in her decision. *See Ellison v. Sullivan*, 929 F.2d 534, 536 (10th Cir. 1990). "Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007). Moreover, "[e]vidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). The district court will not "reweigh the evidence or retry the case," but must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Flaherty*, 515 F.3d at 1070. Nevertheless, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).

### B. The Five-Step Evaluation Process

To qualify for disability benefits, a claimant must have a medically determinable

physical or mental impairment expected to result in death or last for a continuous period of twelve months that prevents the claimant from performing any substantial gainful work that exists in the national economy. 42 U.S.C. § 423(d)(1)-(2). Furthermore,

> [a]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A) (2006). The Commissioner has established a five-step sequential evaluation process to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988). The steps of the evaluation are:

> (1) whether the claimant is currently working; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets an impairment listed in appendix 1 of the relevant regulation; (4) whether the impairment precludes the claimant from doing his past relevant work; and (5) whether the impairment precludes the claimant from doing any work.

*Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1992) (citing 20 C.F.R. § 404.1520(b)-(f)). A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 801 (10th Cir. 1991).

The claimant has the initial burden of establishing a case of disability. However, "[i]f the claimant is not considered disabled at step three, but has satisfied her burden of establishing a prima facie case of disability under steps one, two, and four, the burden shifts to the Commissioner to show the claimant has the residual functional capacity

4

(RFC) to perform other work in the national economy in view of her age, education, and work experience." *See Fischer-Ross v. Barnhart,* 431 F.3d 729, 731 (10th Cir. 2005); *see also Bowen v. Yuckert,* 482 U.S. 137, 146 n. 5 (1987). While the claimant has the initial burden of proving a disability, "the ALJ has a basic duty of inquiry, to inform himself about facts relevant to his decision and to learn the claimant's own version of those facts." *Hill v. Sullivan,* 924 F.2d 972, 974 (10th Cir. 1991).

### C.  The ALJ's Decision

Plaintiff argues that the ALJ erred in evaluating the opinions of Drs. Carlos Rodriguez and Mark Suyeishi regarding her mental impairments. Docket No. 17 at 8. Specifically, plaintiff argues that the ALJ's RFC determination disregards, conflicts with, or fails to address certain limitations identified by Drs. Rodriguez and Suyeishi. *Id*. at 8-9.

On January 11, 2012, Dr. Rodriguez, a consultative psychologist, conducted a mental status examination of plaintiff. R. at 510-14. Dr. Rodriguez summarized his findings as follows:

> UNDERSTANDING AND MEMORY: [Plaintiff's] ability to recall places and work tasks is mildly to moderately impaired. Her ability to comprehend and recall short, simple instructions is mildly impaired. Her ability to remember complex procedures is moderately to severely impaired.
>
> SUSTAINED CONCENTRATION AND PERSISTENCE: [Plaintiff's] ability to carry out short, simple instructions is mildly impaired. Carrying out detailed instructions is moderately to severely impaired. Her ability to maintain attention to tasks for extended periods of time is moderately to severely impaired. Her ability to perform activities within a schedule, attend work regularly, and get to work on time is moderately to severely impaired. Her ability to maintain work routines without close supervision is moderately impaired. Her ability to work around others without being overly distracted by them is mildly to moderately impaired. Her ability to

>
> make simple decisions in the workplace is mildly to moderately impaired. Her ability to maintain a work schedule without the interference of psychologically-based problems and to maintain a work pace and remain on task is moderately to severely impaired.
>
> SOCIAL INTERACTIONS: [Plaintiff's] ability to maintain appropriate behavior with the general public is not significantly impaired. Her ability to ask questions or ask for assistance is moderately impaired. Her ability to accept direction and constructive criticism is moderately to severely impaired. Her ability to relate to coworkers without distracting or extreme behavior is moderately impaired. Her ability to behave in a socially appropriate manner and to be neat and clean is mildly to moderately limited.
>
> ADAPTATION: [Plaintiff's] ability to react appropriately to change is moderately impaired. Her ability to behave in a safe fashion is moderately to severely impaired. Her ability to use transportation to unfamiliar places is not significantly impaired. Her ability to make and pursue achievable goals independently is moderately impaired.

*Id*. at 513.

On February 9, 2012, state agency psychologist Mark Suyeishi reviewed plaintiff's records and determined that she was moderately limited in her ability to: (1) understand and remember detailed instructions, (2) carry out detailed instructions, (3) maintain attention and concentration for extended periods, (4) work in coordination with or in proximity to others without being distracted by them, (5) interact appropriately with the general public, and (6) accept instructions and respond appropriately to criticism from supervisors. *Id*. at 100-01.

The ALJ stated that she gave "substantial weight" to Dr. Rodriguez's opinion and "great weight" to Dr. Suyeishi's opinion. R. at 28-29. The ALJ provided a summary of Drs. Rodriguez's and Suyeishi's opinions in her decision denying plaintiff's claims. *Id*.

Plaintiff argues that the ALJ's RFC finding that she could avoid work hazards is contrary to Dr. Rodriguez's finding that she is moderately to severely impaired in her

ability to behave in a safe fashion.  Docket No. 17 at 8.  The Commissioner responds that "the ALJ did not find that [p]laintiff could avoid work hazards – instead he limited her to no concentrated exposure to cold, hazardous machinery, or unprotected heights."  Docket No. 22 at 12.

The Court agrees with the Commissioner.  The ALJ's RFC determination is qualified – "*in this environment*, [claimant] can . . . recognize and avoid work hazards."  R. at 25 (emphasis added).  The ALJ's RFC determination, which includes the aforementioned restrictions, is not contrary to, but reflects consideration of, Dr. Rodriguez's opinion that plaintiff is unable to behave in a safe fashion by limiting her to a workplace environment that does not expose her to certain hazards ("claimant . . . cannot climb ladders . . . and should avoid concentrated exposure to extreme cold, hazardous machinery and unprotected heights").  *Id*.

Plaintiff contends that the ALJ disregarded Dr. Rodriguez's opinions indicating that Ms. Martinez has moderate to severe impairments in maintaining attention and concentration for extended periods of time; performing activities within a schedule, attending work regularly, and getting to work on time; maintaining work routines without close supervision; maintaining a work schedule without the interference of psychologically-based problems and maintaining a work pace and remaining on task; and accepting direction and constructive criticism.  Docket No. 17 at 8.  In addition, plaintiff argues that the ALJ's RFC determination that plaintiff "can sustain concentration, persistence and pace if she's not interacting with the general public and that she can interact appropriately with co-workers and supervisors" is contrary to Drs. Rodriguez's and Suyeishi's opinions.  *Id*. at 8-9.  Plaintiff notes Dr. Rodriguez's opinion

7

"that Ms. Martinez has moderate limitations in her ability to ask questions or ask for assistance and to relate to coworkers without distracting them or exhibiting extreme behaviors" and Dr. Suyeishi's opinion that Ms. Martinez is moderately limited in her ability to work "in coordination with or in proximity to others without being distracted by them." *Id.*[2] The Commissioner responds, albeit indirectly, that "[p]laintiff does not explain how the ALJ's RFC does not account for Dr. Rodriguez's opinion or what other limitations are necessary." Docket No. 22 at 12.

The Court agrees with plaintiff that the ALJ's RFC conflicts with Drs. Rodriguez's and Suyeishi's opinions and that the ALJ did not sufficiently explain why the ALJ rejected the conflicting limitations. "An ALJ must evaluate every medical opinion in the record, see 20 C.F.R. § 404.1527(d)" and if the ALJ's "RFC assessment conflicts with an opinion from a medical source, the [ALJ] must explain why the opinion was not adopted." *Sullivan v. Colvin*, 519 F. App'x 985, 987-88 (10th Cir. 2013) (unpublished) (internal quotations and citations omitted). As noted above, Dr. Suyeishi found plaintiff was moderately limited in her ability to maintain attention and concentration for extended periods, carry out detailed instructions, work in coordination with or in proximity to others without being distracted by them, interact with the general public, and accept instructions and respond appropriately to criticism from supervisors. R. at 100-01. Dr. Rodriguez found plaintiff was moderately to severely impaired in her ability

---

[2] Plaintiff also argues that the ALJ failed to consider the VE's testimony that these limitations would render a claimant unemployable at the unskilled level. Docket No. 17 at 9. However, this colloquy during the hearing was based on a hypothetical that the claimant would be "off task" for either twenty-five or ten percent of the work day. R. at 67-68. Plaintiff's counsel did not define the term "off task" and the VE's answer does not clarify what he understood the term to mean.

to carry out detailed instructions, maintain attention to tasks, perform activities within a schedule, attend work regularly, get to work on time, maintain a work schedule without the interference of psychologically-based problems, and maintain a work pace and remain on task; moderately impaired in her ability to maintain work routines without close supervision; and mildly to moderately impaired in her ability to make simple decisions in the work place. *Id*. at 513. Although Drs. Rodriguez and Suyeishi did not define the terms "moderate" or "severe," the Tenth Circuit has noted that "a moderate impairment is not the same as no impairment at all. Instead, it supports the conclusion that the individual's capacity to perform the activity is impaired, and therefore must be related with sufficient precision in a dispositive hypothetical to a VE and in an RFC finding." *Jaramillo v. Colvin*, 576 F. App'x 870, 876 (10th Cir. 2014) (unpublished) (internal quotations and citations omitted). To determine the jobs plaintiff may be able to perform, the hypothetical posed by the ALJ to the VE provided:

> This person can . . . understand and remember simple instructions typical of unskilled work, is able to sustain concentration, persistence and pace for these as long as there is no requirement to interact with the general public. In this environment, this person can interact appropriately with coworkers and supervisors, can travel, can plan and set simple goals.

R. at 64. This hypothetical includes an unsubstantiated qualification that some of plaintiff's moderate and severe limitations are alleviated if there is no requirement to interact with the public. The hypothetical also does not include several of the moderate and severe impairments identified by Drs. Rodriguez and Suyeishi, such as plaintiff's impaired ability to perform activities within a schedule, to get to work on time, to maintain a work schedule without the interference of psychological problems, and to make simple decisions in the workplace. These deficiencies in the hypothetical posed

9

to the VE constitute error.  *See Jaramillo*, 576 F. App'x at 876 ("The limitation to simple, routine, repetitive, and unskilled tasks the ALJ included in his hypothetical to the VE did not clearly relate the moderate impairments Dr. Mellon found.  Rather, the ALJ was required to express those impairments 'in terms of work-related functions' or '[w]ork related mental activities.'") (citing Social Security Ruling 96-8p, 1996 WL 374184, at *6 (July 2, 1996)); *Hargis v. Sullivan*, 945 F.2d 1482, 1492 (10th Cir. 1991) ("[T]estimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the Secretary's decision.") (citing *Ekeland v. Bowen*, 899 F.2d 719, 724 (8th Cir. 1990)).

The Commissioner argues that the ALJ's RFC determination accounts for plaintiff's limitations because it limits her to "unskilled work[, which] involves working with things, rather than people."  Docket No. 22 at 14.  While "a restriction to unskilled work can account for a mental impairment . . . when the relationship between skill level and mental capacity is obvious . . . or when an ALJ credits a medical-source opinion that a claimant's concentration deficit does not affect the ability to do unskilled work," *Garcia v. Colvin*, No. 14-cv-02914-NYW, 2016 WL 1028297, at *6 (D. Colo. March 15, 2016), the ALJ's decision here does not explain how limiting plaintiff to unskilled work accounts for plaintiff's limitations.  Absent a discussion of how restricting plaintiff to unskilled work addresses plaintiff's mental limitations, there is insufficient evidence to support the ALJ's decision.

Because the ALJ did not sufficiently convey the degree of plaintiff's moderate and severe mental impairments in a dispositive hypothetical to the VE or properly account for plaintiff's mental impairments in the RFC, the ALJ's decision is not

supported by substantial evidence and the Commissioner has not met her step five burden. *See Fischer-Ross*, 431 F.3d at 731. The Court declines to reach the remainder of plaintiff's arguments because they may be "affected by the ALJ's treatment of this case on remand." *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003).

### III.  CONCLUSION

For the foregoing reasons, it is

**ORDERED** that the decision of the Commissioner denying disability benefits to plaintiff is **REVERSED** and **REMANDED** for additional proceedings consistent with this opinion.

DATED April 19, 2016.

                                    BY THE COURT:

                                    s/Philip A. Brimmer
                                    PHILIP A. BRIMMER
                                    United States District Judge